**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3515
_____

JOSEF S. BOZEK,
                                        Appellant

v.

PNC BANK, as service agent; WILMINGTON TRUST, N.A., Trustee for MFRA Trust
2014-2//Richard Gold, CEO

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-02875)
District Judge:  Honorable John M. Younge

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 18, 2021

Before: MCKEE, SHWARTZ AND RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 17, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Josef Bozek appeals pro se from an order granting the defendants' motions to dismiss Bozek's petition to enforce an arbitration award and to vacate the award. We will affirm the District Court's order.

I.

In November 2010, the defendants initiated a mortgage foreclosure action against Bozek in the Circuit Court of Cook County, Illinois. After protracted litigation, the court entered a final foreclosure order against Bozek on June 7, 2019. Several weeks later, Bozek sent the defendants a demand letter (which he also characterized as a "conditional acceptance" or "counteroffer" regarding his outstanding mortgage debt to the defendants) appearing to seek an alternative resolution to the foreclosure action and requesting certain information from the defendants. See generally Demand Letter, ECF No. 3-5. The letter purported to mandate arbitration in the event that the defendants declined to provide the requested information or failed to respond. The letter also stated that the defendants' failure to respond would result in their "tacit acquiescence" to its terms. Id. ¶¶ 40, 41. The defendants did not respond to the letter. In February 2020, the Cook County Circuit Court ordered the sale of Bozek's house and his eviction from the premises.

In April 2020, Bozek filed a petition to confirm and enforce an arbitration award against the defendants in the Court of Common Pleas of Bucks County, Pennsylvania. According to the petition, Bozek and the defendants entered into an arbitration agreement when Bozek sent them the demand letter and the defendants failed to respond. Bozek alleged that an arbitration hearing was held on August 27, 2019, in Bucks County, which the defendants were notified about but failed to attend. The hearing resulted in a

2

purported award to Bozek in the amount of $3,430,800 issued by an entity called "Dalwickman Arbitration Services." Bozek sought to enforce the amount of the award, plus punitive damages of $10,292,400, for a total of $13,723,200. See generally Petition, ECF No. 1-5 at 15–60 (showing alleged arbitration award).

The defendants removed the case to the District Court and filed a motion to dismiss for failure to state a claim, arguing that Bozek was attempting to enforce a fraudulent arbitration award. In particular, the defendants argued that Bozek relied on a "sham document to create the appearance of an arbitration agreement, when no such agreement exists." Mem., ECF No. 3-2 at 1.

The District Court determined that Bozek had failed to demonstrate that the parties had agreed to arbitration as required under both the Federal Arbitration Act ("FAA") and state law governing the confirmation of arbitration awards.[1] Through his demand letter, the District Court concluded, Bozek had attempted to form a unilateral contract that was not binding on the defendants. Thus, the District Court granted the defendants' motion to dismiss, denied Bozek leave to amend his petition, and vacated the arbitration award. Bozek appealed.[2]

II.

---

[1] Bozek brought his petition under 42 Pa. Cons. Stat. Ann. § 7342. However, after the case was removed to the District Court, Bozek invoked the FAA in his filings. See, e.g., ECF No. 5 at 1 n.1 (citing 9 U.S.C. § 12). The District Court evaluated the defendants' motions under both federal and state law, and Bozek refers to both federal and state law in his filings on appeal.

[2] Bozek also filed a motion for reconsideration, which the District Court denied. See generally Order, ECF No. 33. Bozek did not appeal that order.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We review de novo the District Court's grant of the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018).  We also review de novo legal questions that support the District Court's decision to vacate the arbitration award, but we evaluate any underlying factual findings for clear error.  See Opalinski v. Robert Half Int'l Inc., 761 F.3d 326, 330 (3d Cir. 2014).

### III.

We agree with the District Court's conclusion that Bozek failed to state a claim because he failed to allege that there exists a valid agreement to arbitrate.  When determining whether there is a valid arbitration agreement under either the FAA or Pennsylvania law, we look to the relevant principles of state contract law.  See Aliments Krispy Kernels, Inc. v. Nichols Farms, 851 F.3d 283, 288 (3d Cir. 2017); Quiles v. Fin. Exch. Co., 879 A.2d 281, 287 (Pa. Super. Ct. 2005).  Under Pennsylvania law, a valid contract is formed where, among other things, there is mutual agreement between the parties.  See Blair v. Scott Specialty Gases, 283 F.3d 595, 603 (3d Cir. 2002).  "[I]n determining whether parties have agreed to arbitrate, courts should . . . adopt[] an interpretation that gives paramount importance to the intent of the parties and ascribes the most reasonable, probable, and natural conduct to the parties."  Quiles, 879 A.2d at 287 (internal quotation marks and citation omitted).  "[N]o party can be forced to arbitrate unless that party has entered an agreement to do so."  Pritzker v. Merrill Lynch, Pierce,

4

Fenner & Smith, Inc., 7 F.3d 1110, 1114 (3d Cir. 1993) (internal quotation marks and citation omitted).

Bozek argues on appeal, as he did in the District Court, that the arbitration award must be confirmed because the defendants failed to file a motion to vacate the award within the time prescribed under the FAA. See 9 U.S.C. § 12 (allowing three months after an arbitration award is filed or delivered to move to vacate the award). This argument is unavailing. The defendants were not required to make such a motion in response to Bozek's petition—and the District Court was unable to confirm the award—because Bozek failed to make any colorable showing of a valid agreement to arbitrate in the first place. See 9 U.S.C. § 13(a) (requiring a petitioner seeking confirmation of an arbitration award to file the agreement to arbitrate alongside his petition). Bozek failed to attach an arbitration agreement to his petition. He also failed to allege that the defendants discussed, negotiated, agreed to, or signed an arbitration agreement.

Bozek's demand letter (which was not attached to his petition) does not constitute a valid contract because the defendants did not agree to its terms, including the arbitration clause. Contrary to Bozek's argument, the defendants' failure to respond to his letter does not amount to their assent. See Degenhardt v. Dillon Co., 669 A.2d 946, 950 (Pa. 1996) ("The formation of a valid contract requires the mutual assent of the contracting parties."). The letter's statement about "tacit acquiescence" upon the defendants' silence does not allow Bozek to evade this essential requirement. Demand Letter, ECF No. 3-5 ¶¶ 40, 41. While silence can, in exceptional circumstances, constitute assent, "[t]he mere fact that an offeror states that silence will constitute acceptance does not deprive the

5

offeree of his privilege to remain silent without accepting." Restatement (Second) of Contracts § 69 (Am. L. Inst. 1981). Here, the defendants' lack of assent is clear from the circumstances, where the defendants were successful in their foreclosure action to recoup a mortgage debt that Bozek owed them *before* receiving the demand letter purporting to seek an alternative resolution.[3]

Finally, because there exists no valid arbitration agreement, the District Court's vacation of the arbitration award was proper. See 9 U.S.C. § 10(a); 42 Pa. Cons. Stat. Ann. 7321.24(a)(5).[4]

IV.

Accordingly, we will affirm the District Court's order granting the defendants' motion to dismiss and vacating the award. Bozek's motion to strike is denied.

---

[3] Bozek does not argue on appeal that the District Court should have granted him leave to amend his petition, see In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (holding that arguments not raised in an appellant's opening brief are forfeited), and he presents nothing on appeal to suggest that further amendment would enable him to cure the defects therein, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (stating that allowing leave to amend is unnecessary if amendment would be futile).
[4] Bozek's argument that the District Court lacked subject matter jurisdiction to review his petition or vacate the arbitration award is unsupported and meritless, as the District Court properly exercised diversity jurisdiction under 28 U.S.C. § 1332. Likewise, Bozek's argument that the Rooker-Feldman doctrine barred the District Court from reviewing his petition or vacating the award is forfeited because Bozek raised it for the first time in his reply brief. See Wettach, 811 F.3d at 115. Besides, the doctrine is inapplicable here because the defendants did not seek review of a state-court judgment. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).